UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HENRY FRANCIS,

    Petitioner,

v.                                                      Case No. 8:11-CV-1674-T-27TGW
                                                    Crim Case No. 8:93-CR-158-T-27TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This matter is before the Court for consideration of Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence filed *pro se* pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), and memorandum of law in support (CV Dkt. 2). A motion to vacate must be reviewed prior to service on the United States. *See* Rule 4 of the Rules Governing § 2255 Cases. If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly denied without a response from the United States. 28 U.S.C. § 2255 ¶ 2.

Following a jury trial, Petitioner was found guilty of multiple drug charges and was sentenced on December 8, 1994, to serve a term of 262 months imprisonment (CR Dkt. 179). The Eleventh Circuit Court of Appeals affirmed Petitioner's convictions and sentence on August 29, 1995. *See United States v. Francis*, 66 F.3d 341 (11th Cir. 1995) [table]. Petitioner's request for collateral relief pursuant to 28 U.S.C. § 2255 was denied on February 3, 2004 (CR Dkt. 292). *See Francis v. United States*, Case No. 8:97-CV-493-T-HLA (M.D. Fla. 1997). Petitioner's second request for

collateral relief pursuant to 28 U.S.C. § 2255 was dismissed as successive on June 20, 2007 (CR Dkt. 341). *See Francis v. United States*, Case No. 8:07-CV-1028-T-HLA (M.D. Fla. 2007).

"[A] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255. *See* 28 U.S.C. §2244(b)(3)(A). Because Petitioner has previously sought collateral relief pursuant to § 2255 and he has not demonstrated that he has obtained permission from the Eleventh Circuit to file a second or successive motion, this Court is without jurisdiction to entertain the instant § 2255 motion.

Petitioner argues that his § 2255 motion is not a second or successive motion because his claims could not have been raised at the time he filed his initial § 2255 motion. In support of his argument, Petitioner asserts that his claims are based on the 2010 Fair Sentencing Act ("FSA"), and the United States Supreme Court's new interpretation of 21 U.S.C. § 841(a) in *DePierre v. United States*, 131 S. Ct. 2225 (2011). Specifically, Petitioner asserts that in light o*DePierre* and the FSA, his sentence violates his due process rights because the sentence exceeds the statutory maximum.

"[W]hen a petitioner raises a claim that could not have been raised in a prior habeas petition, courts have forgone a literal reading of 'second or successive'" for purposes of 28 U.S.C. § 2255(h). *Stewart v. United States*, 2011 U.S. App. LEXIS 14386, at *10 (11th Cir. July 14, 2011) (unpublished opinion) (citing *Singleton v. Norris*, 319 F. 3d 1018, 1023 (8th Cir. 2003) (en banc)). "'[C]laims based on a *factual* predicate not previously discoverable are successive,' but '[i]f...the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.'" *Id.* at *22 (quoting *Leal Garcia v. Quaterman*, 573 F.3d 214, 221-22 (5th Cir. 2009)) (emphasis in original). "[I]f the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is

2

likely to be held successive *even if the legal basis for the attack was not.*" *Id.* at *15 (quoting *Leal Garcia*, 573 F.3d at 222) (emphasis added).

Petitioner asserts that his sentence violates due process because it exceeds the statutory maximum. That purported defect existed, and the claim was ripe, at the time he filed his initial § 2255 motion. Therefore, the instant § 2255 motion is successive even though the legal basis for his claim, *DePierre* and the FSA, did not exist at the time he filed his initial § 2255 motion. *See Leal Garcia*, 573 F.3d at 221 (explaining that "claims based on new rules of constitutional law (made retroactive by the Supreme Court)," and "claims based on a factual predicate not previously discoverable" are both subject to the gatekeeping provision; therefore, both are previously unavailable and "successive" under AEDPA).

Accordingly, this case will be dismissed without prejudice to allow Petitioner the opportunity to seek permission from the Eleventh Circuit to file a second or successive motion.[1]

ACCORDINGLY, the Court **ORDERS** that:

1. The motion to vacate, set aside, or correct an illegal sentence is **DISMISSED** without prejudice (CV Dkt. 1).

2. The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b).

3. The Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. §

---

[1] This Court notes that on June 30, 2011, the United States Sentencing Commission voted to give retroactive effect to the permanent guideline amendment regarding crack cocaine offenses implementing the Fair Sentencing Act of 2010. *See United States v. Hadley*, 2011 U.S. Dist. LEXIS 82760, at *4 (M.D. Fla. July 27, 2011). However, retroactivity of the guideline amendment will become effective on November 1, 2011, unless Congress acts to disapprove the amendment. *Id.* Therefore, the dismissal of Petitioner's § 2255 motion is without prejudice to Petitioner seeking relief under the auspices of 18 U.S.C. § 3582(c)(2) on or after November 1, 2011.


2253(c)(2). The Court also declines to allow Petitioner to proceed *in forma pauperis* on appeal because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

    4. The **Clerk** shall terminate any pending motions and close this case.

**DONE AND ORDERED** at Tampa, Florida, on _August 25th_, 2011.

                        JAMES D. WHITTEMORE
SA:sfc                         United States District Judge
<u>Copy furnished to</u>:
All Parties/Counsel of Record